J-S35009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY SWATSKY, | |
| Appellant | No. 1834 MDA 2017 |

Appeal from the Judgment of Sentence November 13, 2017
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0002231-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:　　　　　　**FILED AUGUST 27, 2018**

Appellant, Gregory Swatsky, appeals from the judgment of sentence of 72 hours' to 6 months' incarceration, imposed after he was convicted of driving under the influence of a controlled substance (DUI) pursuant to 75 Pa.C.S. §3802(d)(2).  Appellant solely argues that the trial court erred by denying his motion to suppress the results of a blood test because his consent to that test was involuntary.  We affirm.

Briefly, Appellant was charged with DUI after he was stopped by a police officer for driving erratically, admitted to the officer that he had taken certain controlled substances, failed several field sobriety tests, and then consented to a blood draw that ultimately confirmed the presence of drugs in his system.  Prior to trial, Appellant filed a motion to suppress the results of the blood test, contending that his consent to that test was coerced and invalid under

***Birchfield v. North Dakota***, 136 S.Ct. 2160, 2186 (2016) (holding "that motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense").  The trial court denied Appellant's motion to suppress and his case proceeded to a non-jury trial.  At the close thereof, the court convicted him of DUI.  On November 13, 2017, Appellant was sentenced to the term of imprisonment stated *supra*.

Appellant filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  On January 3, 2018, the trial court filed a Rule 1925(a) opinion.  Therein, the court addressed the following, single issue that Appellant presents for our review:  "Did the [t]rial [c]ourt err in denying Appellant's [m]otion to [s]uppress because[,] based on the totality of the circumstances, Appellant did not consent to the blood draw[?]"  Appellant's Brief at 1.

We begin by noting that,

> [a]n appellate court's standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.  [Because] the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole.  Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Reese*, 31 A.3d 708, 721 (Pa. Super. 2011) (citations omitted).

Additionally, a trial court's error in denying a suppression motion will not require reversal if the Commonwealth can establish beyond a reasonable doubt that the error was harmless. *See Commonwealth v. Baez,* 720 A.2d 711, 720 (Pa. 1998). "An error is harmless if it could not have contributed to the verdict. In other words, an error cannot be harmless if there is a reasonable possibility the error might have contributed to the conviction." *Commonwealth v. Cooley*, 118 A.3d 370, 380 (Pa. 2015).

Here, we have reviewed the briefs of the parties, the certified record, and the applicable case law. We have also considered the well-reasoned opinion authored by the Honorable Jacqueline L. Russell of the Court of Common Pleas of Schuylkill County. Judge Russell concludes that, even if it was improper to deny Appellant's motion to suppress the results of his blood test, the admission of that cumulative evidence of Appellant's intoxication was harmless error. The Commonwealth presents this same argument on appeal, relying on Judge Russell's rationale. *See* Commonwealth's Brief at 5. We agree with the Commonwealth and Judge Russell that any error in admitting the results of Appellant's blood test would be harmless; therefore, we need not access whether his consent to that test was coerced. We adopt Judge Russell's opinion as our own, and affirm Appellant's judgment of sentence for the reasons set forth therein.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>08/27/2018</u>